UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  Misc. Case No. 16-mc-51496
                                                Crim Case No. 05-cr-20048

v

LEE HENRY BERRY, #05032039,                Honorable Thomas L. Ludington

        Defendant.

_____/

## ORDER DENYING MOTION FOR RETURN OF PROPERTY

On October 17, 2016 Lee Henry Berry filed a motion for the return of certain property pursuant to Federal Rule of Criminal Procedure 41(g). Rule 41(g) permits a person aggrieved by an unlawful search and seizure or the deprivation of property to move for the property's return. Such a motion "must be filed in the district where the property was seized." *Id*. Because the property at issue was seized by the Bay City Police Department in connection with a state court arrest, this Court does not have jurisdiction over the property. Berry's motion will therefore be denied.

**I.**

On April 29, 2005, Berry was arrested by the Bay City Police Agency for violating the terms of his probation by failing to notify his agent of an address change. During the course of the arrest, the Bay City Police Department seized property belonging to him, including the following: (1) a 2001 Cadillac Deville; (2) a 1999 Ford Expedition; (3) a 2002 Chevrolet Monte Carlo; and (4) $429.00 in United States concurrency. *See* ECF No. 2. Berry was found guilty in

Michigan state court for violating the terms of his probation and sentenced to 7.5 years in prison in Case Number 99-1541-FH.

During the course of the arrest, the Bay City Police Department discovered incriminating evidence including drugs, drug paraphernalia, and firearms that gave rise to charges in this Court. *See United States v. Lee Henry Berry,* Case No. 05-20048 (E. D. Mich., Jan. 9, 2006). On September 10, 2007, Defendant Lee Henry Berry was convicted of possession with intent to distribute less than 5 grams of cocaine base, 21 U.S.C. § 841(a)(1); possession with intent to distribute 5 grams or more of cocaine base, 21 U.S.C. § 841(a)(1); possession with intent to distribute less than 500 grams of cocaine, 21 U.S.C. § 841(a)(1); and felon in possession of one or more firearms, 18 U.S.C. § 922(g)(1). *Id*. at ECF No. 73. On December 21, 2007, he was sentenced to a term of 360 months' imprisonment on each count, to be served concurrent to each other, but consecutive to the Michigan Department of Corrections sentence for violating his probation. *Id*. at ECF No. 85. The judgment was affirmed on appeal to the Sixth Circuit. *Id.* at ECF No. 101. Berry's subsequent collateral attacks to his conviction and sentence were denied. *Id.* at ECF Nos. 112, 147, 158.

On October 17, 2016 Berry filed a Rule 41(g) motion for the return of the three automobiles and $429.00 seized by the Bay City Police Department. *See* ECF No. 1. On November 14, 2016 the Government filed a response, arguing that this Court does not have jurisdiction over the subject property. *See* ECF No. 2. Attached to its response the Government has provided the Notice of Seizure, dated April 30, 2005, prepared by the Bay City Police Department listing the property at issue. *Id*. at Ex. A. The Notice sets forth the procedure for challenging the forfeiture of the listed property, explaining that to challenge the forfeiture Berry would need to file a claim with the Bay City Police Department indicating his interest in the

property and post a bond in the amount of 10% of the value of the property. *Id.* The notice further explains that any challenge would need to be made within 20 days of receiving the notice or the property would be disposed of according to law. *Id.* Based on the certificate of service attached to the notice, Berry was served on May 3, 2005. *Id.* Berry has not provided any evidence that he timely filed a claim or posted bond.

## II.

In his motion, Berry admits that the property at issue was seized by the Bay City Police Department, not by any federal agents. "Rule 41([g]) is an equitable remedy,… available to [the movant] only if he can show irreparable harm and an inadequate remedy at law." *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (citing *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)). Generally, where subject property was seized pursuant to state court proceedings and the state provides avenues of relief, a claimant cannot show an inadequate remedy at law such that he is entitled to Rule 41(g) relief in federal court. *Id.* A limited exception exists where a defendant satisfies his burden of showing real or constructive possession of the property by the federal government. *See United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004).

"[P]roperty seized and held by state law-enforcement officers is not in the constructive possession of the United States for Rule 41(g) purposes unless it is being held for potential use as evidence in a federal prosecution." *Copeman*, 458 F.3d at 1072. Possession by the federal government may also be found under an agency theory in instances "where property was seized by state officials acting at the direction of federal authorities in an agency capacity." *Id.* However, the fact that federal and state authorities are working pursuant to a joint task force does not necessarily mean that there was a federal authorization or an agency relationship between

federal and state authorities. In a joint task force, the state typically works with the federal government, not for the federal government. *See United States v. Marshall*, 338 F.3d 990, 994-95 (9th Cir. 2003).

Berry has not presented any evidence that the federal government was ever in actual or constructive possession of the relevant property. Rather, the property was seized by state municipal police officers in the course of a state arrest, and the notice of seizure clearly indicates that any claim for the return of property needed to be made with the Bay City Police Department. Berry has not presented any evidence that the automobiles or cash were ever held as potential evidence for the prosecution in this Court. *See Copeman*, 458 F.3d at 1072; *see also United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) ("Nor does the record affirmatively establish that the vehicle was ever considered evidence in the federal prosecution; therefore, even if we were to accept the concept of constructive possession,… there would be no basis for relief."). Nor has Berry presented any evidence that the relevant property was seized by the local police at the direction of the federal government. *See Copeman*, 458 F.3d at 1072.

Because Berry has not met his burden of showing actual or constructive possession of the relevant property by the United States, and because Berry had an adequate remedy at law in the courts of the State of Michigan, his motion will be denied.

**III.**

Accordingly, it is **ORDERED** that Berry's motion for the return of property, ECF No. 1, is **DENIED**.

Dated: December 13, 2016                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 13, 2016.

                                        s/Kelly Winslow for
                                        MICHAEL A. SIAN, Case Manager