UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Misc. Case No. 16-mc-51496
                                                 Crim Case No. 05-cr-20048

v

LEE HENRY BERRY, #05032039,            Honorable Thomas L. Ludington

        Defendant.

_____/

## ORDER DENYING MOTION TO AMEND PLEADINGS

On April 29, 2005, Berry was arrested by the Bay City Police Agency for violating the terms of his probation by failing to notify his agent of an address change. During the course of the arrest, the Bay City Police Department seized property belonging to him, including the following: (1) a 2001 Cadillac Deville; (2) a 1999 Ford Expedition; (3) a 2002 Chevrolet Monte Carlo; and (4) $429.00 in United States concurrency. *See* ECF No. 2. Berry was found guilty in Michigan state court for violating the terms of his probation and sentenced to 7.5 years in prison in Case Number 99-1541-FH.

During the course of the arrest, the Bay City Police Department discovered incriminating evidence including drugs, drug paraphernalia, and firearms that gave rise to charges in this Court. *See United States v. Lee Henry Berry,* Case No. 05-20048 (E. D. Mich., Jan. 9, 2006). On September 10, 2007, Defendant Lee Henry Berry was convicted of possession with intent to distribute less than 5 grams of cocaine base, 21 U.S.C. § 841(a)(1); possession with intent to distribute 5 grams or more of cocaine base, 21 U.S.C. § 841(a)(1); possession with intent to distribute less than 500 grams of cocaine, 21 U.S.C. § 841(a)(1); and felon in possession of one

or more firearms, 18 U.S.C. § 922(g)(1). *Id*. at ECF No. 73. On December 21, 2007, he was sentenced to a term of 360 months' imprisonment on each count, to be served concurrent to each other, but consecutive to the Michigan Department of Corrections sentence for violating his probation. *Id*. at ECF No. 85. The judgment was affirmed on appeal to the Sixth Circuit. *Id.* at ECF No. 101. Berry's subsequent collateral attacks to his conviction and sentence were denied. *Id.* at ECF Nos. 112, 147, 158.

**I.**

On October 17, 2016 Berry filed a motion pursuant to Federal Rule of Criminal Procedure 41(g) for the return of the three automobiles and $429.00 seized by the Bay City Police Department. *See* ECF No. 1. Rule 41(g) permits a person aggrieved by an unlawful search and seizure or the deprivation of property to move for the property's return. Such a motion "must be filed in the district where the property was seized." *Id*. On November 14, 2016 the Government filed a response, arguing that this Court does not have jurisdiction over the subject property. *See* ECF No. 2. Attached to its response the Government provided the Notice of Seizure, dated April 30, 2005, prepared by the Bay City Police Department listing the property at issue. *Id*. at Ex. A. Based on the certificate of service attached to the notice, Berry was served with the notice on May 3, 2005. *Id.* Berry did not provide any evidence that he timely filed a claim or posted bond.

By an order dated December 13, 2016 Berry's motion was denied. *See* ECF No. 4. The Court reasoned that it did not have jurisdiction over the subject property because Berry had not demonstrated that the federal government ever had actual or constructive possession of the property or that the property was seized by the local government at the direction of the federal government. *See United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006). Due to an

administrative error the order was not served on Berry until January 6, 2017. In the meantime, on December 20, 2016 – over a month after the Government filed a response – Berry filed a reply to the Government's response. *See* ECF No. 5. Under Local Rule 7.1(e), Berry's reply should have been filed within seven days of his receipt of the Government's response. *See* E.D. Mi. L.R. 7.1(e)(2)(C). Even so, Berry's late reply does not present any arguments that would have changed the Court's previous order.

Then, on December 28, 2016 Berry filed a motion to amend his pleadings to allege that the Government had possession of the property. *See* ECF No. 6. Berry does not allege that the Government had actual possession of the vehicles and currency. Instead, he argues that the federal government constructively possessed the property because it referred to Berry's possession of the property at trial and possessed videos and photographs of the property. This argument is without merit. Neither possessing videos or photographs of property, nor referencing of the existence of property has any bearing on whether the federal government actually or constructive possessed *the property itself*. Without any allegation that the Government actually or constructively possessed the property this Court does not have jurisdiction over the property.

Moreover, even assuming arguendo that the federal government had possession of the property, Berry would not be entitled to any relief because the State of Michigan afforded Berry an adequate remedy at law to recover the property.[1] *See Brown v. United State*s, 692 F.3d 550 (6th Cir. 2012) (holding that a movant was not entitled to equitable relief under Rule 41(g) where she had ignored an adequate remedy provided by law); *Copeman*, 458 F.3d at 1072 (holding that

---

[1] While not raised by the Government, Berry's claim is also barred by the doctrine of laches. Dismissal of a claim on the ground of laches requires (1) an unreasonable and unexcused delay in bringing the claim, and (2) material prejudice as a result of the delay. *A.C. Aukerman Co. v. R.L. Chaides Construction Co*., 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc). Based on the Notice of Seizure, Berry had notice that his property had been seized for over a decade before bringing his 41(g) motion. This delay is unreasonable and inexcusable given the facts of this case. *See Carter v. United States*, 160 F. Supp. 2d 805, 815 (E.D. Mich. 2001) (finding a delay of over six years unreasonable, inexcusable, and prejudicial); *Vance v. United States,* 965 F. Supp. 944, 947 (E.D. Mich. 1997) (finding a delay of nearly five years unreasonable, inexcusable, and prejudicial).

Rule 41(g) is an equitable remedy available only where a movant "can show irreparable harm and an inadequate remedy at law."); *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999) (holding that when "state avenues of relief [are] open to [the movant], he cannot show an inadequate remedy at law.").

Because Berry has not met his burden of showing actual or constructive possession of the relevant property by the United States, and because Berry had an adequate remedy at law in the courts of the State of Michigan, his motion to amend his pleadings will be denied. This is a final order and closes the case.

### III.

Accordingly, it is **ORDERED** that Berry's motion to amend pleadings, ECF No. 6, is **DENIED**.

Dated: May 25, 2017    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 25, 2017.

s/Kelly Winslow
KELLY WINSLOW, Csae Manager