UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Misc. Case No. 16-mc-51496
                                              Crim Case No. 05-cr-20048

v

LEE HENRY BERRY, #05032039,        Honorable Thomas L. Ludington

        Defendant.
_____/

**ORDER CONSTRUING NOTICE OF APPEAL AS MOTION TO REOPEN THE APPEAL PERIOD, AND DENYING MOTION**

On December 21, 2007 Plaintiff Lee Henry Berry, a federal prisoner proceeding *pro se* was sentenced to a term of 360 months' imprisonment on various drug and gun charges. Judgment was entered on December 21, 2007. *See* ECF No. 75.

**I.**

On October 17, 2016, Berry filed a motion pursuant to Federal Rule of Criminal Procedure 41(g) for the return of property that was seized during the course of the 2005 arrest that led to his conviction and sentence. By an order dated December 13, 2016 Berry's motion was denied. *See* ECF No. 4. The Court reasoned that it did not have jurisdiction over the subject property because Berry had not demonstrated that the federal government ever had actual or constructive possession of the property or that the property was seized by the local government at the direction of the federal government. *See United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006). Due to an administrative error a certificate of service was not entered until January 6, 2017.

In the meantime, on December 20, 2016 Berry filed a reply to the Government's response. *See* ECF No. 5. He also filed a motion to amend his pleadings on December 28, 2016 to allege that the Government had possession of the property. *See* ECF No. 6. That motion was eventually denied on May 25, 2017. *See* ECF No. 10.

After receiving the Court's order denying his original motion, on March 9, 2017 Berry filed a notice of appeal as to the Court's December 13, 2016 order. *See* ECF No. 8. On June 23, 2017, the Sixth Circuit issued an order directing this Court to treat Berry's March 9, 2017 notice of appeal as a Federal Rule of Appellate Procedure 4(a)(6) motion to reopen the appeal period. For the reasons stated below, Berry's motion will be denied.

**II.**

Because Berry's motion to return property initiated a miscellaneous case opening, the case was technically resolved on December 13, 2016 when Berry's motion was denied. *See* ECF No. 4. In his claim of appeal, construed as a motion to reopen the appeal period, Berry alleges that he did not actually receive the December 13, 2016 order until February 21, 2017 because he was transferred to a different prison. This allegation appears to be corroborated by exhibits attached to the filing, and by the fact that Berry does indeed have a new prison address, of which he notified the Court on February 13, 2017. *See* ECF No. 7.

Federal Rule of Appellate Procedure 4(a)(6) provides as follows:

[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice

        under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

    (C)    the court finds that no party would be prejudiced.

*Id.*

Based on Berry's filing, he did not receive the December 13, 2016 order until February 21, 2017, meaning that he did not receive entry of the order within 21 days after entry. He has therefore met the first condition of Rule 4(a)(6). However, after receiving the order on February 21, 2017, Berry did not file his notice of appeal until March 9, 2017. Thus, over fourteen days lapsed between his receipt of the order and his filing. As explained by the Sixth Circuit, "the fourteen-day period of Rule 4(a)(6) of the Federal Rules of Appellate Procedure is not susceptible to extension through mistake, courtesy, or grace." *Bowles v. Russell*, 432 F.3d 668, 669 (6th Cir. 2005), *aff'd,* 551 U.S. 205 (2007). Because Berry did not meet the second condition of Rule 4(a)(6), his motion to reopen the appeal period must be denied.

## III.

Accordingly, it is **ORDERED** that Berry's motion to reopen the appeal period, ECF No. 8, is **DENIED**.

Dated: July 14, 2017                              s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2017.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager